UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT J. PETRO, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:24-cv-00649-JPH-KMB |
| | ) |
| SHELBYVILLE POLICE DEPARTMENT, | ) |
| BART SMITH, | ) |
| CHARLES CURRY, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Robert J. Petro, Jr., is a prisoner at the Hancock County Jail. Mr. Petro's complaint rehashes allegations he first raised in *Petro v. Shelbyville Police Dep't, et al.,* 1:21-cv-2474-JPH-KMB. He alleges that he was a victim of excessive force at the hands of Shelbyville Police Department Officers Bart Smith and Charles Curry in March 2021. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). For the reasons explained below, the complaint is dismissed, counsel shall not be appointed at this time, and Mr. Petro has an opportunity to show cause why final judgment should not be entered.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Petro alleges that the Shelbyville Police Department, Officer Bart Smith, and Officer Charles Curry violated his civil rights. Dkt. 1. He alleges that on or around March 7, 2021, he was stopped on State Road 44 in Shelbyville, Indiana. Dkt. 1 at 4. At the time of the stop, Mr. Petro was on parole. Mr. Petro consented to the search of his truck. After the search, Officers Smith and Curry attacked him—throwing him to the ground and beating him over his head and right arm. *Id.* Mr. Petro was taken to the police department and charged with resisting law enforcement. *Id.* He was held for seven days without medical attention. He was later transported to the hospital for emergency surgery. *Id.* He was pronounced dead, but then revived. *Id.* at 5.  He had nine surgeries over six-months. *Id.* He remains in constant physical pain and distress. He seeks money damages. *Id.* at 6.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed. "Although untimeliness is an affirmative defense, a complaint can be dismissed sua sponte if a valid affirmative defense is so plain from the face of the complaint that the suit is frivolous." *Baldwin v. Raemisch*, 788 F. App'x 390, 392 (7th Cir. 2019) (citing *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016)).

The complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Claims brought under § 1983 "borrow the limitations period and tolling rules applicable to personal-injury claims under state law." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). "The pertinent Indiana statute of limitations is two years." *Id.* (citing Ind. Code § 34–11–2–4).

The complaint was signed on April 7, 2024, and docketed as a new action on April 11, 2024. This is more than a year after the expiration of Indiana's 2-year statute of limitations, with Mr. Petro's claims having accrued by no later than the end of March 2021, where he was attacked March 7, 2021, and had emergency surgery seven days later. *Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate).

In addition, Mr. Petro raised these claims in a complaint filed on September 20, 2021, in *Petro v. Shelbyville Police Dep't, et al.,* 1:21-cv-2474-JPH-KMB. This fact is consistent with the conclusion that his claims accrued in March 2021. *Logan v. Wilkins,* 644 F.3d 577, 581–82 (7th Cir. 2011) ("For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury.") (internal citation omitted). Mr. Petro's earlier action was dismissed without prejudice after he repeatedly delayed and failed to participate in the case. 1:21-cv-2474-JPH-KMB (dkts. 67, 69, 73).

Mr. Petro has through May 22, 2024, in which to show cause why this action should not be dismissed because each of the claims alleged is barred by the applicable statute of limitations.

### IV. Motion for Appointment of Counsel

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price,* 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). Mr. Petro's Motion to Appoint Counsel, dkt. [3], is **denied.** Given the dismissal of the complaint based on statute of limitations grounds from the face of the complaint, the appointment of counsel is not appropriate at this time. *See Holland v. City of Gary,* 503 F. App'x 476, 478 (7th Cir. 2013) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001)).

### V. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for the reasons set forth above. The plaintiff shall have **through May 22, 2024,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 4/25/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT J. PETRO, JR.
34965
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140